IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMMY E. ADAMS, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 03-AR-2157-S |
| WARDEN W. S. BULLARD; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

Although petitioner purports to have filed this petition pursuant to 28 U.S.C. § 2241, the general habeas statute, 28 U.S.C. § 2254 is the more specific federal habeas that governs "an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner challenges his Pike County conviction and sentence as unconstitutional. (See petition, p. 7). Pike County is in the Middle District of Alabama. Petitioner incarcerated at William E. Donaldson Correctional Facility which is in the Northern District of Alabama.

Although petitioner states in his objections to the magistrate judge's Findings and Recommendation that the Northern District and Middle District of Alabama do not have concurrent jurisdiction under § 2254, he is mistaken. 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within



> which the States court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Regardless of where petitioner is now incarcerated or may be incarcerated in the future, his district of conviction will always be in the Middle District of Alabama.

In addition, "strong considerations of judicial economy dictate that this case be remanded to the Middle District of [Alabama], the court that is already intimately familiar with [petitioner's] claims," *Parker v. Singletary*, 974 F.2d 1562, 1582 (11th Cir. 1992), as petitioner has admitted that he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Alabama containing identical grounds raised here. (See Doc. #5, pp. 10-11, ¶ 18).

Petitioner's objection to the Magistrate Judge's Findings and Recommendation is due to be OVERRULED; however, the Court recognizes that petitioner purports to have filed this petition pursuant to 28 U.S.C. § 2241.

DONE this the 16th day of September, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE